U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

APR 0 2 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Riley

versus

Savoies Sausage & Food Products, Inc., et al

Civil Action No. 12-00891

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion for Partial Summary Judgment filed by defendants Frederick R. Lafleur, Robert Van Leeuwen and Savoies Sausage & Food Products, Inc. ("Savoies") [Rec. Doc. 16] seeking dismissal of plaintiff, Kathy Jo Riley's, claims against it. Plaintiff filed this action on April 13, 2012 against Savioes, Acadian Fine Foods, LLC ("Acadian"), Frederick R. Lafleur, Robert Van Leeuwen and Randy Savoy alleging claims of sexual harassment and sexual hostile work environment against them. *R. 1-2*. In particular, plaintiff alleged that Savoy sexually harassed her at work and that her employer and Lafleur and Van Leeuwen knew or should have known of the harassment and failed to stop it, *Id.* ¶¶ *2-7*, and that "Savoies ... or Acadian" required her to perform more work and duties for less pay than male employees, *Id.*, ¶¶ *8-13*. Accordingly, plaintiff's claims must be considered under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Louisiana Employment Discrimination Law ("LEDL"), La. Rev. Stat. 23:301, *et seq*.

The fact that the motions are unopposed does not necessarily mean defendants should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel*

---

[1] Pursuant to Local Rule L.R. 7.5W, the deadline for filing any opposition to Delta's motion was March 22, 2013. *LR. 7.5*.

*v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.1985)). However, failure to file an opposition and statement of contested material facts requires the Court to deem defendants' statements of uncontested material facts admitted for purposes of the motion. *Local Rule, LR 56.2W.*

The undisputed facts of this matter, *R. 16-4, Uncontested Material Facts*, provide that plaintiff, Kathy Jo. Riley, was employed by Acadian from December 2005 to March 28, 2012, when she resigned. Lafleur is an employee and the Manager of Acadian. Van Leeuwen is an employee with 30% ownership interest in Acadian. Neither Lafleur nor Van Leeuwen personally paid any compensation to Riley for services. Neither Lafleur nor Van Leeuwen employed twenty or more employees in Louisiana. Savoies is a separate legal entity from Acadian. Defendant Savoy was employed by both Acadian and Savoies but neither Lafleur nor Van Leeuwen personally employed Savoy. Savoies did not employ or pay plaintiff any compensation for services.

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56.* Considering the record before the Court, including the uncontested facts as well as the Declaration of Frederick R. Lafleur and the Declaration of Robert Van Leeuwen, there are no genuine issues of material fact that plaintiff has failed to state a claim under either Title VII or the LEDL, against defendants Savoies, Lafleur and/or Van Leeuwen. Accordingly, the Court will grant defendants' motion for partial summary judgment.

U.S. District Judge Richard T. Haik, Sr.